NITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIAM BEDFORD GREENE JR.,

        Plaintiff,

    v.

MARION COUNTY SHERIFF,

        Defendant,

_____/

Case No.: 5:26-cv-00110-KCD-PRL

**ORDER**

The Plaintiff, William Bedford Green, Jr., who is proceeding pro se, filed this action against the Marion County Sheriff. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

I.    **Legal Standards**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II.    Discussion

Plaintiff purports to allege claims under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment and the Second Amendment. (Doc. 1). As best can be discerned from the allegations of the complaint, Plaintiff's claims arise from proceedings in state court that involved Plaintiff being subjected to a "civil mental health detention." (Doc. 1 at 1). Plaintiff recites that, during that incident, the Marion County Sheriff's Office seized Plaintiff's firearm, and a Risk Protection Order (RPO) was issued authorizing temporary restriction of the firearm. Plaintiff contends that no criminal charges or injunction issued, and that the Marion County Sheriff's Office refused to return the firearm, and that the retention is ongoing.

To begin, Plaintiff's allegations are mostly conclusory, non-specific, and lack well-pled facts. Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim(s) showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding pro se, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Liberally read, the complaint fails to state a plausible claim under § 1983 against the Defendant Marion County. The conclusory allegations in the complaint do not sufficiently constitute a factual basis for Plaintiff's claim that his civil rights were violated.

Further and most significantly, Plaintiffs claims appear to be barred by the *Rooker-Feldman* doctrine. It is evident from the complaint that Plaintiff wishes to use this lawsuit as a mechanism to intervene in or overturn decisions entered in the state court proceedings regarding the RPO, a mechanism and process governed by Florida Statute § 790.401 to

address cases where an individual possesses a significant danger of causing personal injury to himself or herself or others by having a firearm. Plaintiff's attempt to persuade the Court into reviewing and ruling on the merits of state court judgments is foreclosed by the *Rooker-Feldman* doctrine. *See Efron v. Candelario*, 110 F.4th 1229, 1235–36 (11th Cir. 2024) (observing that, under the *Rooker-Feldman* doctrine, a court must "determine whether [a] plaintiff seeks relief from an injury caused by the judgment itself" and, if the plaintiff does, the doctrine applies) (internal quotation marks and citation omitted); *see also Symonette v. Aurora Loan Servs., LLC*, 631 F. App'x 776, 778 (11th Cir. 2015) (affirming the dismissal of the pro se plaintiffs' attack on a state court judgment based in part on the *Rooker-Feldman* doctrine).

To the extent the state court proceedings remain pending, the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971) would also require dismissing Plaintiff's claims. The *Younger* doctrine precludes a federal court from intervening in certain types of state cases where there is an "ongoing" judicial proceeding, the proceeding implicates an "important state interest," and there is an "adequate opportunity" in the state proceeding to raise federal challenges. *Leonard v. Alabama State Board of Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023) (citation omitted); *see also Adams v. Florida*, 185 F. App'x 816, 816–17 (11th Cir. 2006) (per curiam).

While it is highly doubtful Plaintiff will be able to allege a viable claim, out of an abundance of caution, the Court will provide Plaintiff with the opportunity to file an amended complaint to clarify the bases for his claim. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff

should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.    Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **May 4, 2026,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on March 30, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

- 4 -

- 5 -

Copies furnished to:

Counsel of Record
Unrepresented Parties